# EXHIBIT 3

# TOLLING AGREEMENT

## TOLLING AGREEMENT

This tolling agreement ("Agreement") is made and entered into among The Trustees of Columbia University in the City of New York ("Columbia"), Dr. Walter Ian Lipkin ("Lipkin"), and Dr. Mady Hornig ("Hornig").

WHEREAS, Dr. Hornig filed a charge against Columbia with the United States Equal Employment Opportunity Commission ("EEOC") on April 29, 2016 alleging discrimination, harassment, and retaliation (the "Charge");

WHEREAS, the EEOC issued a notice of right to sue on December 21, 2016;

WHEREAS, Columbia denied and continues to deny the allegations in the Charge;

WHEREAS, the Parties believe that their respective interests will be served if litigation relating to the Charge and to related claims under the New York City Human Rights Law is avoided at this time and the parties explore potential resolution of the matter; and

WHEREAS, the Parties desire to avoid any prejudice resulting from the expiration of any applicable statutes of limitation under federal, state or local statutes, regulations or common law, or otherwise;

NOW, THEREFORE, in consideration of the premises and the mutual promises of the Parties, and good and valuable consideration, the sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1. This tolling Agreement shall be effective as of March 13, 2017 (the "Effective Date"). This Agreement shall terminate five (5) working days after either party gives written notice of cancellation to the other, notice by e-mail to counsel for the parties being sufficient service of such notice.

2. As of the Effective Date, the running of any unexpired statutes of limitations or limitations periods applicable to any of Dr. Hornig's claims based upon the allegations in the Charge or related claims under the New York City Human Rights Law shall be tolled until the termination of this Agreement pursuant to Paragraph 1. This provision includes, but is not limited to, statutes of limitations, and any other limitations periods, for initiating, amending, or supplementing any lawsuits under any federal, state, and/or local anti-discrimination and/or anti-retaliation statutes.

3. During the term of this Agreement, Dr. Hornig shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against Columbia or Lipkin alleging harassment, discrimination, retaliation or any other claims.

4. To the extent provided by applicable law, any statutes of limitations, or other applicable limitation periods, with respect to any of Dr. Hornig's claims shall recommence running upon termination of this Agreement. Nothing in this Agreement shall revive claims that may have been barred by any statutes of limitations, or any other limitations periods, prior to March 13, 2017. It is understood that the Parties retain the right to assert limitations as a defense to any

1

claim, cause of action, lawsuit or equitable action with respect to the time period leading up to March 13, 2017 and that this Tolling Agreement does not affect this right in any way.

5. Any modification to this Agreement must be in writing and must be signed by all parties. This specific provision cannot be modified orally or otherwise waived orally by any of the parties to this Agreement.

6. This Agreement is not intended and shall not be construed to be or deemed an admission of any kind by any party hereto, including but not limited to an admission of (i) liability to any person and/or entity, (ii) the commission of any act or wrong, or (iii) the violation of any law or regulation. No party has waived, or has intended to waive, any of its rights with respect to any actions or any defenses, except as expressly provided in this Agreement. The execution of this Agreement does not constitute (i) an appearance in any court or proceeding, (ii) the submission to jurisdiction of any court, administrative agency, governmental body, other body, or other tribunal or self-regulatory organization, or (iii) an admission that any such jurisdiction exists.

7. This Agreement shall be binding upon the successors and assigns of the parties.

8. This Agreement may be executed by the parties' respective counsel, and each such counsel represents that he or she is fully authorized to do so.

9. This Agreement shall be deemed to have been executed and delivered within the State of New York, and the rights and obligations of the parties hereunder shall be construed in accordance with, and governed by, the laws of the State of New York without regard to its laws relating to conflict or choice of laws. The parties agree, however, that any interpretation of this Agreement shall not be construed against the drafter(s).

10. This Agreement may be signed electronically and/or in counterparts, each of which will be deemed an original.

Dated: March 17, 2017

BRILL & MEISEL

By: _____
Rosalind Fink
845 Third Avenue
New York, New York 10022
Tel: (212) 753-5599, ext. 230
rozfink@igc.org
*Attorneys for Dr. Mady Hornig*

JACKSON LEWIS, P.C.

By: _____
Susan D. Friedfel
44 South Broadway, 14th Floor
White Plains, New York 10601
Tel: (914) 872-8027
Susan.Friedfel@jacksonlewis.com
*Attorneys for The Trustees of Columbia University in the City of New York and for Walter Ian Lipkin*