M4MTHORC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MADY HORNIG,

        Plaintiff,

    v.                      17 CV 3602 (ER)
                             Remote proceeding

TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK and WALTER IAN LIPKIN,

        Defendants.

------------------------------x

                             New York, N.Y.
                             April 22, 2022
                             11:00 a.m.

Before:

               HON. EDGARDO RAMOS,

                         District Judge

            APPEARANCES (Telephonic)

EISENBERG & SCHNELL, LLP
    Attorney for Plaintiff
BY:  HERBERT EISENBERG
    CHRISTOPHER PACELLE

YANKWITT LLP
    Attorneys for Defendant Trustees of Columbia
BY:  ROSS MORRISON
    MICHAEL REED

JACKSON LEWIS
    Attorneys for Defendant Lipkin
BY:  SUSAN FRIEDFEL
    JOSEPH DiPALMA

1                 (Via teleconference, case called)
2                 DEPUTY CLERK:  Counsel, please state your name for the
3     record, starting with counsel for the plaintiff.
4                 MR. EISENBERG:  Good morning, my name is Herbert
5     Eisenberg, Eisenberg & Schnell, together with Christopher
6     Pacelle, also from Eisenberg & Schnell, for plaintiff Mady
7     Hornig.
8                 DEPUTY CLERK:  Counsel for Trustees of Colombia.
9                 MR. MORRISON:  Ross Morrison and Michael Reed from
10    Yankwitt LLP for Columbia University.
11                DEPUTY CLERK:  And counsel for Mr. Lipkin.
12                MS. FRIEDFEL:  This is Susan Friedfel and Joseph
13    DiPalma from Jackson Lewis for Dr. Walter Ian Lipkin.
14                THE COURT:  Good morning to you all.  This matter is
15    on for a status conference.  I note for the record that it is
16    being conducted by telephone.  As the parties are aware, a
17    couple of weeks back I entered an opinion granting in part and
18    denying in part the defendants' motion for summary judgment, so
19    we go forward.
20                And I guess my question to you in the first instance
21    is having received my opinion and order the parties believe
22    that this case might benefit from mediation and/or a settlement
23    conference before the assigned magistrate judge or whether you
24    want me to set up a trial date?
25                Mr. Eisenberg, let me begin with you.

1  MR. EISENBERG:  Thank you, your Honor.

2  Before I comment, let me say my co-counsel, Ros Fink, intended to be here today.  Unfortunately, this morning she came down with a terrible case of Covid, which she tried to keep away for several days, so she apologizes for not being here.

7  Your Honor, the parties spoke earlier this week about whether we thought mediation would make sense, and I believe there was an agreement that mediation might be an appropriate methodology for resolution or getting us closer to resolution, and we all believe that that would be a worthwhile endeavor.

12  We were talking about private mediation.  We have not talked about the magistrate judge engaging in that process, but that was something that we were all positively disposed towards.

16  THE COURT:  Okay.  Mr. Morrison?

17  MR. MORRISON:  Yes, your Honor, we have discussed with counsel for plaintiffs the possibility of mediation.  As your Honor is aware, we had tried this earlier in the case pursuant to the Court process for these types of cases and it was not successful, but I think at this point, given your Honor's opinion put the case in a different spot, we would like to try it again.  And we talked about I think private mediation with JAMS, I think, but we're willing to go ahead with that at this point.

1    THE COURT:  Thank you.

2    Ms. Friedfel?

3    MS. FRIEDFEL:  Thank you, your Honor.  Yes, Dr. Lipkin
4    is in agreement with the other parties as well.

5    THE COURT:  Very well.  So then it appears as though
6    you want to engage in private mediation, so I will leave you to
7    your own devices in that regard and simply ask that you report
8    back to the Court within 48 hours of the conclusion of that
9    mediation, whether it's been successful or not, and if not
10   successful, we'll have a conversation about setting a trial
11   date and how long you believe that trial will take place.

12   And with that, is there anything else that we should
13   do today, Mr. Eisenberg?

14   MR. EISENBERG:  We had talked, your Honor, and would
15   beg your indulgence if we could try to move this forward, but
16   we sort of would like a closeout date on the mediation effort,
17   and we were thinking 60 days and we would get in touch with the
18   Court no later than 60 days to move things forward.  I hope
19   that's okay with the Court.

20   THE COURT:  That is fine with me.  The only reason
21   that I didn't give a particular suggested date is because I
22   don't control private mediation and I understand some of these
23   outfits can be pretty busy and may not be able to accommodate
24   having you come in and make your presentations and give a
25   resolution one way or the other, but if you think that you can

1     do it within 60 days, I'm happy to give you a deadline.

2             Mr. Morrison?

3             MR. MORRISON:  I defer to the Court's judgment.  I

4     think we will endeavor to complete the mediation as soon as

5     possible, but as your Honor noted, with private mediators'

6     schedules as well as the schedules of counsel and the parties,

7     you never know sometimes.  Certainly we will do it as quickly

8     as possible, but I will defer to the Court as to whether we

9     need a deadline or not.

10            THE COURT:  Ms. Friedfel, do you have any views or any

11    experience in this regard?

12            MS. FRIEDFEL:  I would agree, your Honor, that

13    sometimes it takes some time to get on the mediator's calendar

14    and sometimes we can reach an agreement, but it's not always

15    done within one day.  So I defer to of the Court on that but I

16    agree with your assessment.

17            The only other thing I wanted to raise is just I know

18    under your rules, based on the issuance of the order, there are

19    some deadlines, and I just wanted to request those be stayed

20    while we're pursuing mediation.

21            THE COURT:  That's fine.

22            So Mr. Eisenberg, obviously in answer to all parties,

23    this is a case that was filed in 2017, so it's got a bit of a

24    long tail.  There's been a lot of water that's gone under the

25    bridge with respect to this case, I suspect that everyone wants

1  to get it done as quickly as possible, and to the extent that
2  you need any prompting, I direct you to obviously engage in
3  this mediation process as quickly as you possibly can, given
4  the limitations that may be imposed by the private mediators,
5  and report back to me in 48 hours after the mediation.
6         What I will add, perhaps, is no matter what, if you
7  have not concluded within 60 days, that the parties submit a
8  status letter on consent concerning where you are in the
9  process.
10         So Ms. Rivera, could you give us a date 60 days out.
11         DEPUTY CLERK:  Yes, June 22.
12         THE COURT:  So by June 22, if I haven't heard, the
13  parties should submit a status letter on consent telling me
14  where you are in the process.  In the meantime, any deadlines
15  that there may be on the docket here will be stayed.
16         Anything else that we can do today, Mr. Eisenberg?
17         MR. EISENBERG:  Your Honor, there is one other thing,
18  and this is something that Ms. Fink was going to raise.  During
19  one of the deponent's depositions she was asked about
20  identification of the human tissue samples that were earmarked
21  for either destruction or to be discarded, and she mentioned
22  that there were two lists, one created by defendant Lipkin and
23  one created by Dr. Simon Anthony, that she referred to those
24  lists, as far as we understand, having gone through those
25  documents in great detail, have never been provided.  At that

deposition we requested those two lists.  We also had requested everything having to do with destruction, discarding of human tissue samples in our document requests and we have yet to receive that document.

We mentioned that we would raise this with defendants earlier in the week.  We provided them copies of both the transcript and the document request, and we await their response, but we did want to identify for the Court that this is an issue that we will raise, and we will seek to subpoena these documents should we go to trial.

THE COURT:  Okay.  Mr. Morrison, Ms. Friedfel, is there any objection to the production of those documents on any basis?

MR. MORRISON:  Well, your Honor, the plaintiff raised it earlier in the week.  We haven't had a chance to review in full.  I think if the documents have been properly requested and are discoverable, we'll produce them.  I don't think the parties had any kind of meet and confer or discussion about this.  I think it's a little premature to discuss now, but I certainly will review it and discuss it with plaintiffs.

As I said, if the documents exist and they're properly requested and are discoverable, then we'll produce them.  My understanding is we produced everything that we had that was relevant, but again, I have to go back and look at this since we haven't discussed this for many months and the first time

deposition we requested those two lists.  We also had requested everything having to do with destruction, discarding of human tissue samples in our document requests and we have yet to receive that document.

We mentioned that we would raise this with defendants earlier in the week.  We provided them copies of both the transcript and the document request, and we await their response, but we did want to identify for the Court that this is an issue that we will raise, and we will seek to subpoena these documents should we go to trial.

THE COURT:  Okay.  Mr. Morrison, Ms. Friedfel, is there any objection to the production of those documents on any basis?

MR. MORRISON:  Well, your Honor, the plaintiff raised it earlier in the week.  We haven't had a chance to review in full.  I think if the documents have been properly requested and are discoverable, we'll produce them.  I don't think the parties had any kind of meet and confer or discussion about this.  I think it's a little premature to discuss now, but I certainly will review it and discuss it with plaintiffs.

As I said, if the documents exist and they're properly requested and are discoverable, then we'll produce them.  My understanding is we produced everything that we had that was relevant, but again, I have to go back and look at this since we haven't discussed this for many months and the first time

1  plaintiff raised this probably since well before the summary

2  judgment was filed was about two days ago.

3              THE COURT:  Okay.  Well, then continue your

4  discussions.  I do remember this particular issue from the

5  opinion and order, so presumably the documents exist, but I

6  will leave you to continue your meet and confer.

7              And with that, anything more from you, Mr. Morrison or

8  Ms. Friedfel?

9              MR. MORRISON:  No, your Honor, not at this time.

10             MS. FRIEDFEL:  No, your Honor, thank you.

11             THE COURT:  In that event, we are adjourned.  Good

12  luck in your mediation and I'll await to hear from you.

13             MR. EISENBERG:  Thank you, your Honor.

14             MS. FRIEDFEL:  Thank you.

15             (Adjourned)